IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KALI MALIK NUGENT, #14051-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv748<br>CRIMINAL ACTION NO. 4:06cr195(4) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Movant, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**Background**

On May 4, 2007, after a plea of guilty, Movant was sentenced to 262 months of imprisonment for conspiracy to manufacture, distribute, or possess with intent to manufacture, distribute, or dispense cocaine base (crack) and/or marijuana and/or cocaine, in violation of 21 U.S.C. § 846. He did not file a direct appeal.

The present motion was filed on December 16, 2013. Movant failed to specify the date that he placed it in the prison mail system. However, he stated that he executed it on December 10, 2013. The motion is deemed filed on December 10, 2013. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In his motion, Movant claims that he is entitled to relief based on numerous instances

of ineffective assistance of counsel. The Government was not ordered to file a Response.

## Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment. Fed. R. App. P. 4(b). *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

Movant was sentenced on May 4, 2007, and his notice of appeal was due fourteen days later. Fed. R. App. P. 4(b). Movant did not file a notice of appeal; consequently, his conviction became final for purposes of § 2255 on May 18, 2007. *See Plascencia v. United States*, 2005 WL 2124465 (N.D. Tex. 2005) (Not Reported in F. Supp.2d);[1] *United States v. Cabrera*, 2005 WL 1422154 (N.D. Tex. 2005) (Not Reported in F. Supp.2d). Accordingly, the present § 2255 motion had to be filed within one year from the date on which the judgment became final; thus, Movant had until May 18, 2008, in which to file his motion. It was not filed until December 10, 2013. Movant filed his § 2255

---

[1] The movant in this case, Plascencia, filed a motion for Certificate of Appealability, which was granted. However, on July 23, 2008, the Fifth Circuit affirmed the District Court's decision. *See United States v. Plascencia*, 537 F.3d 385, (5th Cir. 2008).

motion filed 5 years, 7 months, and 2 days beyond the limitations period.

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The Movant bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the Movant must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the Movant "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [Movant] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111

S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the Movant the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

Movant was given the opportunity to respond to the fact that his motion was not timely filed. He concedes that his motion was untimely, but asserts that, based on newly discovered evidence, he is actually innocent. The court first notes that Movant pleaded guilty. Second, a claim of actual innocence is "'not itself a constitutional claim, but instead a gateway through which a habeas Movant must pass to have his otherwise barred constitutional claim considered on the merits.'" *Schlup v. Delo*, 513 U.S. 298, 315, 115 S. Ct. 851, 861, 130 L. Ed.2d 808 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 862-63, 122 L. Ed.2d 203 (1993)). *See also Rocha v. Thaler*, 626 F.3d 815, 824 (5th Cir. 2010). This basic principle was recently reaffirmed by the Supreme Court in *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1931, 185 L. Ed.2d 1019 (2013), and by the Fifth Circuit in *Burton v. Stephens*, 543 F. App'x 451 (5th Cir. 2013).

To the extent that Movant is trying to raise a stand alone claim of actual innocence, he has no basis in law to support the argument. In both *McQuiggin* and *Rocha*, the petitioners were trying to overcome procedural problems by arguing actual innocence in order to have their ineffective assistance of counsel claims considered on the merits. In *Rocha*, the Fifth Circuit stressed that a petitioner must make a "sufficient gateway showing of actual innocence to justify having his federal habeas claim considered on the merits." 626 F.3d at 825 (citing *House v. Bell*, 547 U.S. 518, 522,

4

553-54, 126 S. Ct. 2064, 2068, 2086, 165 L. Ed.2d 1 (2006)).

> The Supreme Court stressed that the burden of showing actual innocence is extraordinary:
>
> To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable jury would have convicted him in light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice. At the same time, the showing of "more likely than not" imposes a lower burden of proof than the "clear and convincing" standard required under *Sawyer*. The *Carrier* standard thus ensures that petitioner's case is truly "extraordinary."

*Schlup*, 513 U.S. at 327, 115 S. Ct. at 867. "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538, 126 S. Ct. at 2077 (quoting *Schlup*, 513 U.S. at 327, 115 S. Ct. at 851). Although "in the vast majority of cases, claims of actual innocence are rarely successful," (quoting 513 U.S. at 324, 115 S. Ct. at 851), the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. *Id.* Instead,

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt - or, to remove the double negative, that more likely than not any reasonable juror would have a reasonable doubt.

*Id.* Finally, the Supreme Court explained that "the gateway actual-innocence standard is 'by no means equivalent to the standard of *Jackson v. Virginia*, 442 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1970),' which governs claims of insufficient evidence." *Id.* (quoting *Jackson*, 442 U.S. at 330, 99 S. Ct. at 2781). Instead, '[b]ecause a *Schlup* claim involves evidence the jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record." *House*, 547 U.S. at 538, 126 S. Ct. at 2078. This may include consideration of "the credibility of the witnesses presented at trial." *Id.* at 537-38, 126 S. Ct. at 2078 (quoting *Jackson*, 442 U.S. at 330, 99 S. Ct. at 2781).

5

More recently, the Fifth Circuit discussed the type of evidence that must be presented in order to satisfy the actual innocence standard:

> Proving such a claim is daunting indeed, requiring the petitioner to show, as a factual matter, that he did not commit the crime of conviction. The petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Such new, reliable evidence may include, by way of example, exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence.

*McGowen v. Thaler*, 675 F.3d 482, 499-500 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 647, 184 L. Ed.2d 482 (2012) (internal quotation marks and citations omitted).

***Affidavits from Jolly, Lane, and Movant***

In the instant case, Movant presents three affidavits – one from himself, and one each from Erica Jolly and Lance Lane. These affidavits cannot be considered "new" evidence, however, because each person was available at the time of Movant's trial. Moreover, Jolly and Lane are two of Movant's co-defendants. Affidavits from co-defendants are generally considered unreliable, especially, as in this case, where they are recanting earlier evidence. *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996) (court views recanting affidavits with extreme suspicion). All three co-defendants pleaded guilty. Now, all three co-defendants state in their respective affidavits that there was no conspiracy. They each say that they had not agreed to sell drugs together.

The court first concludes that Movant has not provided "new evidence." *House*, 547 U.S. at 537, 126 S. Ct. at 2077. Furthermore, he has not shown that it is more likely than not that no reasonable juror would have convicted him in light of the alleged "new" evidence. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup*, 513 U.S. at 327, 115 S. Ct. at 851). He has failed to make a "sufficient gateway showing of actual innocence to justify having his federal

6

habeas claim considered on the merits." *Id.*, 547 U.S. at 522, 553-54, 126 S. Ct. at 2068, 2086, Because Movant fails to show actual innocence, the statute of limitations bars consideration of his claims.

## **Retroactive Application of *Alleyne v. United States***

Movant also claims that he is entitled to relief based on a recent decision by the United States Supreme Court in *Alleyne v. United States*, —U.S. —, 133 S. Ct. 2151, 186 L. Ed.2d 314 (2013). Looking back to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), the Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, 530 U.S. at 490, 120 S. Ct. at 2362-63. In *Alleyne*, the Supreme Court concluded that "the principle applied in *Appendi* applies with equal force to facts increasing the mandatory minimum." *Alleyne*, 133 S. Ct. at 2163. Thus, any fact that increases a defendant's mandatory minimum sentence is an element of the crime, not merely a sentencing factor that must be submitted to the submitted to the jury and found beyond a reasonable doubt. *Id*.

Assuming *Alleyne* is applicable to Movant's case, he cannot prevail. The Supreme Court must have specifically held that a newly recognized right applies retroactively to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 150 L. Ed.2d 632 (2001). The Supreme Court did not declare that the *Alleyne* rule applies retroactively on collateral review. Furthermore, given that *Alleyne* is an extension of *Apprendi*, which is not retroactive on collateral review, the Fifth Circuit has concluded that *Alleyne* does not retroactively apply to challenges to sentences on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). Accordingly, Movant is not entitled to review or relief based on *Alleyne*.

7

## Conclusion

In conclusion, Movant failed to timely file his § 2255 motion. He filed his motion 2042 days beyond the limitations period. He has failed to show that he is entitled to equitable tolling. Furthermore, his claim of actual innocence is insufficient; thus, he has not opened the gateway for the court to consider the issues raised in the instant habeas motion. Additionally, because *Alleyne* does not retroactively apply, Movant is not entitled to relief on that basis.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to the claims raised.

## **Recommendation**

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 30th day of March, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE